USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
BLUE CITI LLC, :
                              Plaintiff, :
                              :
           -against- : 16-CV-9027 (VEC)
                              :
5BARZ INTERNATIONAL INC., : OPINION & ORDER
                              :
                          Defendant. :
---------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      Plaintiff Blue Citi LLC moves to place Defendant 5Barz International, Inc. into receivership. Dkt. 105. Specifically, Plaintiff moves for an order (i) appointing a receiver to administer, collect, or sell any real or personal property in which Defendant has an interest, (ii) directing Defendant to produce title to its assets, including shares of stock in any corporations that it owns, to the Receiver, and (iii) awarding Plaintiff attorney's fees and costs. Dkt. 108. For the reasons discussed below, Plaintiff's motion is GRANTED.

## BACKGROUND

      The Court assumes familiarity with the facts and procedural history of this case and will only discuss the facts relevant to Plaintiff's motion to appoint a receiver. On September 19, 2018, this Court granted Plaintiff's motion for summary judgment on its breach of contract claim[1] and awarded Plaintiff a judgment of $180,204.36 in damages, $116,950.00 in prejudgment interest, and $5,837.12 in attorneys' fees, totaling $302,991.48.[2] Dkt. 78. On

---

[1] The Court had previously granted Plaintiff's motion for partial summary judgment on its specific performance claim. Dkt. 54.

[2] Defendant filed a notice of appeal on October 16, 2018; argument is scheduled for February 6, 2020. No. 18-3044, Dkts. 1, 132. Although Defendant-Appellant moved for an emergency stay of enforcement proceedings in

October 15, 2018, Plaintiff served a post-judgment information subpoena on Defendant pursuant to N.Y. C.P.L.R. § 5223 and Federal Rule of Civil Procedure 69, seeking information regarding Defendant's assets. *See* Dkt. 81-1. After Defendant failed to respond to the subpoena, Plaintiff moved to compel Defendant to comply and Defendant cross-moved to quash the subpoena or stay post-judgment enforcement proceedings pending its appeal. *See* Dkts. 81-84. On February 6, 2019, the Court granted Plaintiff's motion to compel Defendant to respond to the subpoena and denied Defendant's motion to quash and for a stay. Dkt. 86. Despite the Court's order, and multiple conversations between the parties in which Defendant allegedly promised to comply with the subpoena, Defendant failed to produce any information to Plaintiff. On March 28, 2019, the Court issued an Order to Show Cause why Defendant and Defendant's officers should not be sanctioned or held in civil contempt for failure to comply with the subpoena, Dkt. 91, leading Defendant ultimately to produce the requested information, s*ee* Dkt. 104.[3]

Defendant's responses to the information subpoena reveal that it has virtually no liquid assets. *See* Fleischmann Decl., Dkt. 106 Ex. B. Specifically, the responses indicate that one of Defendant's domestic bank accounts contains a mere $180 and the remaining accounts contain zero or negative balances. *Id.* at 5. Defendant indicates that it maintains no cash separate from its bank accounts and does not maintain a safety deposit box. *Id.* at 7. Defendant's responses, however, do suggest that it has significant illiquid assets. *Id.* at 9. Specifically, Defendant claims it owns shares of common stock in foreign subsidiary and related companies and lists

---

the district court pending the determination of the appeal, the Second Circuit denied the motion. Dkt. 91. Defendant-Appellant has not provided a bond or other security pursuant to Fed. R. Civ. P. 62(d). Accordingly, this Court retains jurisdiction to rule on the pending motion to appoint a receiver.

[3]     This was not the first instance of Defendant ignoring its legal obligations; in a virtually identical case in this District, *Union Capital LLC v. 5Barz International, Inc*, Defendant refused to comply with a post-judgment subpoena until the court warned that failure to comply would subject Defendant to being held in contempt of court. No. 16-CV-6203, Dkt. 59.

outstanding accounts receivable totaling $7 million. *Id.* at 9-11. Defendant also lists illiquid assets such as unspecified patents, furniture, and equipment valued at approximately $26,525. *Id.* at 16. Lastly, Defendant indicates that there are currently eight judgments pending against it. *Id.* at 19-20.

## DISCUSSION

### I. Motion to Appoint Receiver

In appropriate circumstances, a court "may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment." N.Y. C.P.L.R. § 5228; *see also* Fed. R. Civ. P. 69(a). The appointment of a receiver is within the discretion of the court, *United States v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992), but must "accord with the procedure of the state where the court is located," Fed. R. Civ. P. 69(a). New York courts consider several factors when determining whether to appoint a receiver for a judgment debtor's assets, including: "(1) alternative remedies available to the creditor [] ; (2) the degree to which receivership will increase the likelihood of satisfaction" of the judgment; and "(3) the risk of fraud or insolvency if a receiver is not appointed." *Hotel 71 Mezz Lender LLC v. Falor*, 926 N.E.2d 1202, 1212 (N.Y. 2010) (quoting *United States v. Zitron*, No. 80-CV-6535, 1990 WL 13278, at *1-2 (S.D.N.Y. Feb. 2, 1990)). The appointment of a receiver is particularly warranted when the property is "intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction." *Id.; Vulpis*, 967 F.2d at 736-37.

Here, Plaintiff argues that the Court should appoint a receiver because Plaintiff lacks adequate alternative remedies for enforcing the judgment, the appointment of a receiver will

increase the likelihood that the judgment is satisfied, and there is a risk of fraud or insolvency if a receiver is not appointed. Pl. Mem. of Law, Dkt. 108 at 10.

   a. **Plaintiff Lacks Alternative Remedies**

Plaintiff argues it lacks adequate alternative remedies to enforce the judgment because virtually all of Defendant's assets are illiquid and located abroad. Pl. Mem. of Law, Dkt. 108 at 10. The Court agrees. As noted, *supra*, Defendant's subpoena responses indicate that the majority of its assets consist of shares of foreign subsidiary companies, accounts receivable, and unspecified patents and equipment. *See* Dkt. 106-2 at 9-11, 16. Because these assets are intangible or not readily marketable, the appointment of a receiver is appropriate. *See Spotnana, Inc. v. Am. Talent Agency, Inc.,* No. 09-CV-3698, 2013 WL 227546, at *6 (S.D.N.Y. Jan. 22, 2013) (explaining that the defendants' "ownership of closely-held entities conducting business internationally" are just the "sort of intangible interests that lack a ready market for which receivership is especially appropriate") (internal citations omitted); *Gasser Chair Co. v. Infanti Chair Mfg. Corp.,* No. 03-CV-6413, 2006 WL 616267, at *4 (E.D.N.Y. Mar. 6, 2006) (explaining that, because a patent is an intangible property interest, appointment of a receiver would increase the likelihood of satisfaction of the judgment compared to a sheriff's sale); *Union Capital LLC v. 5Barz Int'l, Inc.*, No. 16-CV-6203, Dkt. 80 at 5 (holding that "BARZ's lack of liquid or readily marketable assets, its deceptive behavior, and its repeated refusal to voluntarily comply with legal obligations create a significant likelihood that the judgment will not be satisfied absent the appointment of a receiver.").

Moreover, Defendant appears determined to avoid its legal obligations; it has ignored court orders in this case and other cases in this District. *See* Dkts. 86, 91; *Union Capital*, No. 16-CV-6203, Dkt. 80 at 5 (appointing a receiver in part because "it seem[ed] to the Court that

4

BARZ would rather avoid the Court's orders than comply with them."). Thus, although Defendant argues that providing the Court status updates on its "ability [to] satisfy Plaintiff's judgment" is an adequate alternative to receivership, *see* Def. Mem. of Law, Dkt. 113 at 7, without the appointment of a receiver, the Court has no assurance that Defendant would comply with such an obligation, let alone make good faith attempts to satisfy the judgment. *See Spotnana,* 2013 WL 227546, at *6 (appointing a receiver because defendants "consistently dragged their feet on satisfying the judgment and [] seem[ed] determined to conceal funds that could otherwise be used to reduce the judgment"); *Mishcon de Reya New York LLP v. Grail Semiconductor, Inc.,* No. 11-CV-4971, 2012 WL 5512240, at *3 (S.D.N.Y. Nov. 13, 2012) (appointing a receiver because defendant "proved unwilling or unable to obtain financing to satisfy the judgment."); *Ernest Lawrence Group, Inc. v. Gov't Careers Center of Oakland, Cal.,* No. 99-CV-3807, 2000 WL 1655234, at *2 (S.D.N.Y. Nov. 3, 2000).

**b. Receivership Increases the Likelihood That the Judgment Will Be Satisfied**

Plaintiff argues that appointment of a receiver will substantially increase the likelihood that Defendant will ultimately satisfy the judgment. Pl. Mem. of Law, Dkt. 108 at 12. The Court agrees that a receiver will increase the likelihood of some recovery. Based on Defendant's pattern in this District of "dodg[ing] proper payment" and "avoid[ing] compliance with [the Court's] orders," as well as the information provided regarding Defendant's assets, it is unlikely that Defendant will satisfy the judgment absent the appointment of a receiver. *See Union Capital,* No. 16-CV-6203, Dkt. 80 at 4. Moreover, as mentioned, *supra*, in the virtually identical *Union Capital* case, only *after* a receiver was appointed, did Defendant satisfy the judgment. *See* No. 16-CV-6203, Dkts. 101, 104, 105. Thus, the appointment of a receiver in this case increases the likelihood that the judgment will be satisfied.

5

### c. Risk of Fraud or Insolvency Absent Appointment of a Receiver

Plaintiff argues that the appointment of a receiver is necessary because of the risk that Defendant will become insolvent or engage in fraudulent activity to avoid satisfying the judgment. Pl. Mem. of Law, Dkt. 108 at 12. The Court agrees. Despite Defendant's previous representations to this Court that it was financially stable, anticipated raising $5 million dollars in connection with an upcoming IPO, and was dedicated to resolving its remaining liabilities, *see* Dkt. 48, Defendant has made no attempt to pay the pending judgment in this case and its response to the subpoena reveals that it has virtually no liquid assets in the United States. Moreover, in July 2019, the SEC announced that trading of Defendant's securities was suspended due to a lack of current and accurate information about the company, thereby increasing the likelihood of continued insolvency. Malin Decl, Dkt. 107 ¶ 15.

Defendant argues that placing it into receivership would adversely affect the company and claims that it will soon be able to satisfy Plaintiff's judgment. *See* Bland Decl., Dkt. 112. Specifically, Defendant argues that it "is in the process of a reorganization of the Company's liability position" and expects to "achieve a Nasdaq listing," which will allegedly provide a "repayment plan for the vast majority of the Company's debt holders." *Id.* at 2-3. Additionally, Defendant claims that it expects to profit from recent developments by the Company's subsidiaries. *Id*. These assurances of imminent financial success are unpersuasive and insufficient to preclude the appointment of a receiver. See *Union Capital*, No. 16-CV-6203, Dkt. 80 at 4 (appointing a receiver despite Defendant's claim that it expected to raise $5-10 million through an imminent IPO in Canada). Moreover, although Defendant argues that appointing a receiver would "have an adverse effect on the developments within the Company and … the settlement of its liabilities," such hardships are a "risk for any company placed in receivership."

*Union Capital*, No. 16-CV-6203, Dkt. 80 at 4; *see Zitron*, 1990 WL 13278, at *1 (holding that the potential "financial demise" of the company is a "risk [] attendant to the appointment of a receiver"). Defendant fails to explain why, given the supposed financial success of its subsidiary companies, the outstanding accounts receivable, and the alleged hardships resulting from receivership, it does not simply pay the judgment; the purported $7 million in outstanding debt owed to Defendant is more than sufficient to satisfy the judgment in this case.

Because the Court finds that Plaintiff lacks alternative remedies for enforcing the judgment, there is a significant risk that Defendant will continue to avoid satisfying the judgment, and Defendant's assets may continue to dissipate, the appointment of a receiver is appropriate. *See Hotel 71 Mezz Lender LLC*, 926 N.E.2d at 1212 (holding that defendants' "precarious financial condition" and the lack of marketability of their property interests warranted the appointment of a receiver).

## II. Motion for Attorney Fees

Under New York law, parties may contract for the indemnification of attorneys' fees and expenses. *See Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491–92 (1989). "'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). District courts have broad discretion in determining whether attorneys' fees are reasonable. *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014) (citing *Hensley*, 461 U.S. at 437); *see also Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

Here, the Convertible Redeemable Note (the "Note"), which was the basis for Plaintiff's breach of contract claim, requires Defendant to pay all "reasonable attorneys' fees and expenses" that Plaintiff incurs in enforcing the Note. Fleischmann Decl., Dkt. 106 Ex. C § 7. Plaintiff seeks to recover fees in connection with the current motion to appoint a receiver; Plaintiff's counsel seeks an award for approximately 14.2 hours of work, at a rate of $375 per hour, plus expenses, for a total of $5,552.50. Pl. Mem. of Law, Dkt. 108 at 15; Fleischmann Decl., Dkt. 106 Ex. D. The Court has already deemed Plaintiff's counsel's billing rate of $375 per hour to be reasonable, given his seniority and experience. *See* Dkt. 54 at 13–14. The Court has also reviewed Plaintiff's counsel's invoice and finds that the number of hours spent on this case is somewhat excessive given the similarity between this motion and the motion in *Union Capital*. The Court will reduce the number of hours by 10%, yielding an approved fee of $4,997.25. Fleischmann Decl., Dkt. 106 Ex. D. Accordingly, the Court awards Plaintiff $4,997.25 in attorneys' fees and expenses.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint a receiver is GRANTED. The parties are directed to confer regarding the to-be-appointed receiver's identity and his or her scope of authority to manage and distribute Defendant's assets. The parties must file a joint proposal addressing these points no later than February 14, 2020. The Court will proceed to appoint a receiver to oversee satisfaction of the judgment. If the parties cannot agree on a receiver, each party must present the Court with three names, rank ordered by preference, together with the hourly rate of the proposed receiver and his or her professional resume.

The Clerk of Court is directed to terminate the motion at docket entry 105.

**SO ORDERED.**

                                                            _____

**Date: December 20, 2019**                                  **VALERIE CAPRONI**
         **New York, New York**                         **United States District Judge**